UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CAUSE NO.   1:19-CR-52 |
| | ) | |
| LARSON D. WUEST | ) | |

**SENTENCING MEMORANDUM**

  Pursuant to 18 U.S.C. §2251(a) and 18 U.S.C. §2251(e), the minimum term of imprisonment for this offense is fifteen (15) years or 180 months.  The Guideline imprisonment range is 168-210 months.  Defendant Wuest is requesting the Court impose a sentence of the mandatory minimum of 180 months.  Because of the nature of the offense and because of the mental health considerations outlined in Paragraphs 76-86 of the Presentence Investigation Report, Wuest is requesting a recommendation from the Court that he be assigned to a facility with access to necessary mental health services.

  Larson Wuest is 30 years old with no prior criminal history.  As the Presentence Investigation Report reflects, he was arrested in May 2019 and has complied with all court-ordered conditions of his release (Presentence Investigation Report, p. 4, ¶12).  Unfortunately, that time period has involved suicide attempts and placement for providing of mental health services.  The Progress Report from Park Center from September is contained in the Presentence Investigation Report at ¶¶81-91.

  It seems clear that Wuest suffers from both serious mental health issues and sexually addictive behavior.  The consequences of his actions are the requirement of a mandatory minimum of fifteen (15) years imprisonment.

  Wuest suggests that a sentence of 180 months would be one that is sufficient, but not greater than necessary, to achieve the goals of sentencing.  Those goals, as enunciated in 18 U.S.C. §3553(a) and *Kimbrough v. United States*, 552 U.S. 85, 90 (2007) are to:  (a) reflect the

seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) afford adequate deterrence to criminal conduct; (c) protect the public from further crimes of the defendant; and (d) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.  The factors represent the major sentencing considerations of "retribution, deterrence, incapacitation, and rehabilitation."  *Tapia v. United States*, 564 U.S. 319, 325 (2011).  To achieve these purposes, a court should "impose a sentence sufficient, but not greater than necessary, to achieve the goals of sentencing.@  *Kimbrough*, 552 U.S. at 101.

Recidivism rates are lower for sex offenders than for the general criminal population.  See Center for Sex Offender Management, Office of Justice Programs, Myths and Facts About Sex Offenders (August 2000).  According to studies by the Bureau of Justice Statistics of the Department of Justice and by the Canadian Government, the vast majority of sex offenders do not re-offend. [1]  The Bureau of Justice Statistics found that 5.3% of sex offenders were rearrested for a sex crime within three years of release, while 68% of non-sex offenders were rearrested within three years of release.[1]

Wuest suggests that a fifteen (15) year sentence does reflect the seriousness of the offense and is certainly just punishment.  He believes that a continued course of treatment to address his addiction and his mental health issues while incarcerated and with follow-up treatment while on supervised release are the most effective way to provide rehabilitation and insure no further criminal activity.

Wuest would also note that he was assessed a two (2) level increase in his Base Offense Level under U.S.S.G. §2G2.1(b)(6)(B)(ii) for the use of a computer.  In today's world, the use of a computer for the commission of this type of an offense is not outside the typical way in which such offenses occur.  Statistics from 2009 indicate that in sexual offenses revolving around children (typically pornography) 97.2% of the cases resulted in a Presentence Investigation Report in which the defendant received a two (2) level enhancement for use of a computer.  If

---

[1]U.S. Dept. of Justice, Office of Justice Programs, Bureau of Justice Statistics, *Recidivisim Offenders Released from Prison in 1994* (November 2003).

the theory is that enhancements are based upon a notion that there is something about the offense that is aggravated or requires some special consideration over and above what the Base Offense Level would be for the offense, it does not seem that the use of a computer would be such a factor. Without the two (2) level enhancement for the use of a computer, Wuest's Guideline range would be 135-168 months.

        */s/ Stanley L. Campbell*
Stanley L. Campbell   #3096-02
5th Floor Lincoln Tower
116 E. Berry Street
Fort Wayne, IN 46802
Telephone: (260) 422-4602
**ATTORNEY FOR DEFENDANT,**
**LARSON D. WUEST**

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of November, 2021, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:     Lesley J. Miller

and I hereby certify that I have mailed by United States mail, postage prepaid, the foregoing document to the following non CM/ECF participants:     NONE.

        /s/ *Stanley L. Campbell*
Stanley L. Campbell

-3-